COURT OF APPEALS OF VIRGINIA

Present:   Judges Humphreys, Felton and McClanahan
Argued at Salem, Virginia


CARL LAMONT ELDER, IV

                                  MEMORANDUM OPINION* BY
v.        Record No. 2417-03-3         JUDGE ELIZABETH A. McCLANAHAN
                                      NOVEMBER 2, 2004
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF DANVILLE
Joseph W. Milam, Jr., Judge

Mark T. Williams (Williams, Morrison, Light and Moreau, on
brief), for appellant.

Deana A. Malek, Assistant Attorney General (Jerry W. Kilgore,
Attorney General, on brief), for appellee.


Carl Lamont Elder appeals his convictions for possession of cocaine with intent to

distribute and possession of marijuana in violation of Code §§ 18.2-248 and 18.2-250.1.  Elder

contends that the trial court erred in denying his motion to suppress the evidence based on an

illegal detention and search of his vehicle.  For the reasons that follow, we affirm.

## I.  BACKGROUND

When addressing an allegation of error from a ruling on a motion to suppress, we review

the evidence in the light most favorable to the party prevailing below, together with all

reasonable inferences that may be drawn.  See Smith v. Commonwealth, 41 Va. App. 704, 712,

589 S.E.2d 17, 21 (2003).  So viewed, the evidence at trial showed that on March 22, 2003,

police officers Ricky Luck and Stuart Yeaman received information that a man had been selling

narcotics out of a gold-colored car in the area of North Main Street in Danville.  The officers

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

were further informed that the car was in the area of Jefferson Street when they received the tip. Being in that area, the officers responded by making their way to Jefferson Street, where they observed a vehicle matching the description of the car. The officers noticed that the vehicle had a Virginia license plate that was covered by tinted material. Because of the tinting over the license plate, the officers were unable to read the license plate number from approximately thirty feet away.

The officers activated the police car's emergency lights while behind the appellant's vehicle and followed the appellant's vehicle into a hospital parking lot. Once stopped, Luck approached the car and requested appellant's driver's license, which he produced. Observing a minor child in the car, Luck asked appellant to get out of the vehicle because he did not want to discuss the drug tip in front of the child. Appellant asked why he was being stopped and refused to step out of the car. Luck testified that he explained to appellant that he was stopped because of the tinted material covering the license plate and because Luck had received information that appellant was selling drugs out of the car. After appellant continued to question why he was being stopped and asked to step out of his vehicle, Luck again ordered appellant to step out of the car and told him that he "could search the vehicle."

Once appellant heard Luck say that he could search the vehicle, he attempted to start the vehicle's ignition. Luck reached in the window to stop appellant from starting the ignition, and told appellant that he was under arrest for attempting to leave. Appellant raised the driver's side window on Luck, trapping him in the door frame. Luck was able to force the window back down, at which time Yeaman came to Luck's aid. Yeaman sprayed mace at appellant so he could disable appellant, open the driver's side door and remove appellant from the vehicle.

After appellant was placed under arrest and handcuffed, Luck inventoried appellant's vehicle before it was towed. Luck discovered 20.2 grams of marijuana in the center console

between the front seats of the vehicle.  Further, a search of appellant's person incident to arrest yielded 9.37 grams of cocaine and 3.5 grams of marijuana.

## II.  ANALYSIS

Appellant argues that Luck's statement that he could search the vehicle exceeded the legitimate scope allowed during an issuance of a traffic summons.  He contends that the search after the statement was illegal and any evidence thereby found must be suppressed.  This Court has held that, "'when the police stop a motor vehicle and detain an occupant, this constitutes a seizure of the person for Fourth Amendment purposes, even though the function of the stop is limited and the detention brief.'" Logan v. Commonwealth, 19 Va. App. 437, 441, 452 S.E.2d 364, 367 (1994) (quoting Zimmerman v. Commonwealth, 234 Va. 609, 611, 363 S.E.2d 708, 709 (1988)).  "'A defendant's claim that evidence was seized in violation of the Fourth Amendment presents a mixed question of law and fact that we review *de novo* on appeal.'" Jarrett v. Commonwealth, 42 Va. App. 702, 711-12, 594 S.E.2d 295, 300 (2004) (quoting Ornelas v. United States, 517 U.S. 690, 691 (1996)).

Appellant concedes that the tinted cover over his license plate provided Luck a legitimate purpose for stopping appellant's vehicle.  Appellant also concedes that Luck's actions were in accordance with a proper traffic stop, until he told appellant that he could search the vehicle. Appellant asserts that the detention became illegal when Luck told him he could search the vehicle and, thus, the evidence acquired from the search should have been suppressed.

Appellant asks this Court to compare Harris v. Commonwealth, 266 Va. 28, 581 S.E.2d 206 (2003), and Dickerson v. Commonwealth, 266 Va. 14, 581 S.E.2d 195 (2003), to this case. However, neither Harris nor Dickerson are applicable.  In both those cases, the factual situation centered on whether the detention for the traffic violation had concluded and whether the citizen was informed that the detention had concluded.  Harris, 266 Va. at 38, 581 S.E.2d at 209-10;

Dickerson, 266 Va. at 19, 581 S.E.2d at 198.  In the case at bar, Luck was in the process of obtaining information from appellant in order to issue a summons when appellant attempted to flee the scene.

Appellant also relies on Lovelace v. Commonwealth, 258 Va. 588, 522 S.E.2d 856 (1999), for the proposition that a search is unlawful in a routine traffic stop where an officer can only issue a summons and release the defendant.  Lovelace does not apply here because no search of appellant's vehicle or person was effected prior to appellant attempting to leave the scene.  Although Luck could not have searched defendant's vehicle based solely upon the traffic violation, appellant's attempt to flee constituted a new offense for which Luck had probable cause to effect a custodial arrest.  Incident to that valid custodial arrest, Luck had the authority to conduct a search.  It is well established that the police may conduct a full search incident to a lawful custodial arrest.  See United States v. Robinson, 414 U.S. 218, 235 (1973) ("It is the fact of custodial arrest which gives rise to the authority to search."); see also Gustafson v. Florida, 414 U.S. 260, 266 (1973).

Finally, appellant argues that his actions in response to Luck's statement that he could search the vehicle were merely reactions to what he felt was an illegal act by Luck.  According to Commonwealth v. Hill, 264 Va. 541, 570 S.E.2d 805 (2002), there is no common law right in Virginia to resist an illegal detention.  "[W]e hold that a person in this Commonwealth does not have the right to use force to resist an unlawful detention . . . ."  Id. at 548, 570 S.E.2d at 809.  Luck's statement that he "could search the vehicle," did not justify appellant fleeing the scene.  Once appellant tried to start the vehicle ignition and flee, the nature of the encounter changed, and Luck had authority to make a full-scale arrest.  See Quigley v. Commonwealth, 14 Va. App. 28, 33 nn.5-6, 414 S.E.2d 851, 854 nn.5-6 (1992) (citing United States v. Lane, 909 F.2d 895, 899 (6th Cir. 1990), cert. denied, 498 U.S. 1093 (1991)); see also Parker v. Commonwealth, 255

Va. 96, 106, 496 S.E.2d 47, 53 (1998) (discussing that probable cause is defined in terms of facts and circumstances sufficient to warrant a prudent man in believing that the suspect had committed or was committing an offense); United States v. Sprinkle, 106 F.3d 613 (4th Cir. 1997) ("There is a strong policy reason for holding that a new and distinct crime, even if triggered by an illegal stop, is a sufficient intervening event to provide independent grounds for arrest."). Luck made the arrest and searched the vehicle in connection with a lawful custodial arrest.

## III. CONCLUSION

We hold the evidence was obtained pursuant to a proper custodial arrest after appellant attempted to flee. Accordingly, we affirm the trial court's denial of appellant's motion to suppress.

Affirmed.